## Anderson v. Shaffer, Administratrix

*W. W. Van Baman,* for rule; *John L. Myers* and *John E. Brenneman,* contra.

NILES, P. J., April 29, 1932.—This matter comes before the court upon petition of Esther Miller, Susan Eckert and Cora Kauffman, representing that they are heirs of Frank Anderson, who died July 20, 1930, and on whose estate letters of administration were granted on August 1, 1930, to Edna Shaffer, who is the administratrix of the estate of Frank Anderson, the defendant in the judgment attacked.

It appears that on July 2, 1931, an action in assumpsit was instituted to the above number and term by Delilah Anderson, surviving widow of Frank Anderson, against the said administratrix of Frank Anderson. On December 16, 1931, plaintiff's statement was filed, and service thereof was accepted by Walter B. Hays, Esq., as attorney for the defendant. This statement, duly sworn to by the plaintiff, specifically alleges that on or about April 5, 1923, the plaintiff, then the wife and now the widow of Frank Anderson, deceased, loaned to her husband the sum of $1200, which he orally promised to repay with interest upon demand. No demand for payment was made during the lifetime of Frank Anderson, and no part of the $1200 was repaid. Since Frank Anderson's death, plaintiff has demanded from his administratrix said $1200, with interest from April 5, 1923. No part of the debt or interest demanded has been paid. Although the notice with the statement requiring defendants to file an affidavit of defense within fifteen days, in accordance with the Practice Act of May 14, 1915, P. L. 483, was served upon defendant's attorney no affidavit of defense has been filed. On February 2, 1932, judgment was entered in favor of the plaintiff and against the defendant for $1835.20 for want of an affidavit of defense.

It is stated in the petition to open this judgment that there is an heir of Frank Anderson, Russell Hess, son of Hazel Hess, six years of age, having an interest in the estate of Frank Anderson adversely affected by said suit and judgment. No guardian or other representative of this minor grandson of Frank Anderson joins in the petition. It is alleged that the petitioners have been advised that they, as heirs of said Frank Anderson, including Russell Hess, the above-named minor, as well as the administratrix of the estate of said Frank Anderson, have a just, true and full legal defense to said action. There is no allegation or intimation in the petition regarding the facts of this alleged defense.

As an additional fact to be brought to the attention of the court, petitioners allege, further, that on February 15, 1932, said administratrix defendant presented a petition to the orphans' court for approval of a private sale arranged

with Delilah Anderson, the plaintiff in the judgment, of the real estate of said Frank Anderson for $2100, alleging said judgment obtained as above set forth as one of the debts of the decedent to be paid. The petitioners verily believe that said judgment will be used as part payment of the price offered.

Upon this petition a rule issued to show cause why said judgment should not be opened, and the petitioners and the estate of Frank Anderson be let into a defense.

On March 17, 1932, the plaintiff, Delilah Anderson, filed her answer to the petition, averring that the judgment in this case is regular, valid and legal, and founded upon a cause of action which is just and meritorious, and in support of which the plaintiff has proper, admissible and competent evidence. The answer avers that the three petitioners, together with three other heirs of Frank Anderson, in July, 1930, executed a written acknowledgment and agreement that "the claim of Delilah Anderson in the sum of $1200, with interest from the date of said loan, is a just and legal claim against the estate of Frank Anderson, deceased; and agree that said claim shall be first paid out of the proceeds of the sale of the personal property and real estate of said decedent. We further agree that in case an action in assumpsit is instituted by Delilah Anderson to preserve the lien of her claim against the real estate of said decedent, we will make no defense thereto."

The sole question now before the court is the propriety of the entry of the judgment for want of an affidavit of defense.

Section twelve of the Practice Act of 1915 requires the defendant in an action of assumpsit to file an affidavit of defense within fifteen days from the date when the statement was served upon him. Section seven of the act stipulates the form of an affidavit of defense to be filed by an executor or administrator. Section seventeen provides for the entry of judgment for want of an affidavit of defense by the prothonotary.

Nothing appears upon this record, nor have we been referred to any decision so construing the Practice Act of 1915 as to absolve an administrator from the obligation to file such an affidavit of defense in the form stipulated by section seven.

It is argued by counsel for petitioners that the Practice Act does not require an administrator to file any affidavit of defense, and that no judgment is authorized for failure to do so.

We do not so construe the provisions of the Practice Act of 1915. An administrator represents the decedent's estate, and there is no duty upon him to make a defense of any kind to a claim against the estate of his decedent which he believes to be just, legal and equitably indefensible.

The petitioners by formal writing acquiesced in the justice and legality of plaintiff's claim against the estate. They specified no fact or reason from which might even be inferred any legal or equitable defense.

Upon the record as it stands, the opening of this judgment would be but a hindrance and delay in the enforcement of a just debt without legal or equitable cause.

Such being our conclusion, consideration of the objection of petitioners that they are not parties to the action, and are without standing to question the judgment, is unnecessary.

And now, to wit, April 29, 1932, the prayer of the petition filed March 5, 1932, is refused; and the rule granted thereon is discharged.

From George Hay Kain, York, Pa.